UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOSE DANIEL CARRERA ORTEGA,

Petitioner,

v.

BRUCE SCOTT, et al.,

Respondents.

Case No. 2:26-cv-02910-TMC

ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

## I. INTRODUCTION AND BACKGROUND

Petitioner Jose Daniel Carrera Ortega is a 21-year-old citizen of Peru who entered the United States near San Luis, Arizona, on or about August 29, 2023. Dkt. 8-1 at 2. Border Patrol agents apprehended Petitioner and after an asylum officer determined he had a credible fear of persecution, Petitioner was released from custody pursuant to an Order of Release on Recognizance ("OREC"). Dkt. 9 ¶ 4, 8. Approximately one year later, he was taken into custody by Immigration and Customs Enforcement ("ICE") agents after being arrested in New York City and charged with third-degree assault. *Id.* ¶. Those charges were dismissed by a New York court on July 14, 2025. Dkt. 13 at 16.

Petitioner had a bond hearing before an Immigration Judge ("IJ") on December 17, 2025. Dkt. 13 at 8. The IJ issued an order denying bond after finding that Petitioner was subject to

mandatory detention under 8 U.S.C. § 1225(b) and also, in the alternative, that Petitioner failed to demonstrate that he did not pose a flight risk. Dkt. 3-3 at 13; Dkt. 9 ¶ 20. Petitioner did not appeal the IJ's bond order. *Id.* On August 3, 2026, Petitioner requested a second bond hearing based on materially changed circumstances, including the approval of his application for "Special Immigrant Juvenile Status." Dkt. 13 at 13. Petitioner has yet to receive a response from the Immigration Court regarding his request for a second hearing. *Id.* at 4.

On August 18, 2026, Petitioner filed this petition for a writ of habeas corpus. Dkt. 3. On September 1, Respondents filed a response. Dkt. 7. On September 16, Petitioner filed a motion for extension of time to file his traverse, *see* Dkt. 11, which the Court granted. Dkt. 12. On September 18, Petitioner filed his traverse. Dkt. 13. For reasons explained below, the Court DENIES the petition for a writ of habeas corpus.

## II. LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). Habeas petitioners must prove by the preponderance of the evidence that they are "in custody in violation of the Constitution or laws or treaties of the United States." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c)(3).

## III. DISCUSSION

As a threshold matter, Respondents argue that the petition should be dismissed because petitioner cannot proceed through his sister, Sherly Jhoselyn Carrera Ortega, who filed his petition acting as Petitioner's next friend. Dkt. 7 at 6. Respondents argue that because she is not a lawyer, Ninth Circuit precedent prevents Ms. Ortega from acting on her brother's behalf. Dkt. 7 at 7, citing *Randolph v. Nevada ex rel. Nevada Dep't of Corr.*, No. 3:13-cv-00148-RJC, 2014 WL 3725853, at *3 (D. Nev. July 24, 2014) (stating that "a non-attorney has no authority to

appear on behalf of anyone but himself"). But Petitioner resolved this issue when he sent in his own signature sheet to proceed pro se. Dkt. 6. Thus, the Court may proceed to consider the merits of the petition.

Petitioner raises two principal grounds for relief: (1) "After more than twenty-three months, continued mandatory civil detention under § 1225(b),[1] without a constitutionally adequate current determination that confinement remains necessary, violates the Fifth Amendment as applied[; and (2)] The December 17, 2025 order [denying bond] principally disclaimed jurisdiction and alternatively placed on [Petitioner] the burden of disproving flight risk. It did not explain the evidence supporting that conclusion and did not evaluate the current record." Dkt. 3 at 7. A third ground for relief—that the IJ did not adequately consider other means of mitigating any risk of flight—is essentially part of the second ground. The Court addresses each in turn.

### A. Under *Rodriguez Diaz v. Garland*, due process does not require Respondents to provide Petitioner with a second bond hearing.

Petitioner's first argument—that the length of his detention compels Respondents to provide him with a second bond hearing—is foreclosed by the Ninth Circuit's decision in *Rodriguez Diaz v. Garland*, 53 F.4th 1189 (9th Cir. 2022). In considering whether procedural due process required the government to provide a second hearing to a petitioner who had been detained for over one year, the Ninth Circuit held that § 1226(a)'s post-detention bond

[1] Consistent with the weight of authority in this district, the Court views Petitioner's detention as a former OREC recipient as deriving from the government's discretionary authority of 8 U.S.C. § 1226(a), as opposed to mandatory discretion under § 1225(b). *See, e.g., Ali v. Noem*, C26-360-SKV, 2026 WL 1370220, at *3 (W.D. Wash. Feb. 20, 2026). Accordingly, the test in *Banda v. McAleenan,* 385 F. Supp. 3d 1099 (W.D. Wash. 2019) does not apply because *Banda* concerned a § 1225(b) detainee's prolonged detention.

procedures satisfy due process both facially and as applied. *See Rodriguez Diaz*, 53 F.4th 1189 at 1212.

Here, while the Court agrees that the duration of Petitioner's confinement (25 months) is long, as the Ninth Circuit stated: "[W]e can find [no authority] to suggest that duration alone can sustain a due process challenge by a detainee who has been afforded the process contemplated by § 1226(a) and its implementing regulations." *Rodriguez Diaz*, 53 F.4th at 1205 (citation modified); *see also Prieto-Romero v. Clark*, 534 F.3d 1053, 1063 (9th Cir. 2008) (denying habeas relief to an alien detained for three years under § 1226(a)). In addition, it is not a foregone conclusion that Respondents will never grant Petitioner a second bond hearing based on changed circumstances. While his request has been pending for just over two months, there is no evidence in the record to suggest that this reflects a decision to ignore the request rather than processing backlogs.

**B. The IJ's denial of bond was not an abuse of discretion.**

Petitioner next asserts that the IJ abused his discretion in denying bond because the IJ "did not explain the evidence supporting that conclusion and did not evaluate the current record." Dkt. 3 at 7. Essentially, Petitioner argues that the IJ failed to properly balance the factors outlined in *In re Guerra*, 24 I. & N. Dec. 37, 2006 WL 3337627 (2006).[2]

---

[2] In *Guerra,* the Board of Immigration Appeals ("BIA") set forth these factors as follows: "(1) whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's employment history; (5) the alien's record of appearance in court; (6) the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee prosecution or otherwise escape from authorities; and (9) the alien's manner of entry to the United States." *Guerra*, 2006 WL 3337627 at **3.

Respondents argue that the Court should not consider Petitioner's challenge to the IJ's bond denial because Petitioner failed to exhaust his administrative remedies by appealing the denial to the BIA. Dkt. 7 at 10–11. Respondents do not address the merits of the IJ's bond decision.

Respondents are correct that in general, the doctrine of exhaustion requires a habeas petitioner to fully resolve any administrative appeals before turning to federal court. *See, e.g.*, *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011). However, "[t]he exhaustion requirement is prudential, rather than jurisdictional." *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017). It can be waived if Petitioner shows that exhaustion would be futile. *See Vasquez-Rodriguez v. Garland*, 7 F.4th 888, 896 (9th Cir. 2021).

The Court need not decide if Petitioner has met his burden to show that exhaustion is futile because even if he did, under the Court's limited review of an immigration bond hearing, Petitioner has not demonstrated that the IJ abused his discretion by denying bond. The Court's review of a determination of flight risk or danger is deferential; factual questions are unreviewable, and the Court cannot reweigh the evidence. *See Martinez v. Clark*, 124 F.4th 775, 782–84 (9th Cir. 2024). Rather, the Court's scope of review is limited to determining "whether an IJ correctly applied the [legal] standard to a given set of facts." *Id.*

While the written order by the IJ states his conclusion solely with a check in the box marked "flight risk," *see* Dkt. 3-3 at 13, Petitioner has not presented evidence from which the Court could conclude that decision was an abuse of discretion. At a § 1226(a) bond hearing, the burden is on Petitioner to show "by the preponderance of the evidence that he is not 'a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk'. . . . " *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022) (quoting *Matter of Guerra*, 24 I. &. N. Dec. 37, 40 (B.I.A. 2006)). Petitioner did not appeal the bond denial to the

BIA, so there is no written bond memorandum, and while he has submitted letters to this Court that go to the *Guerra* factors, he has not provided the record that was before the IJ, or any evidence as to the IJ's statements at his bond hearing. Petitioner thus has not demonstrated that the IJ did not consider the relevant legal factors. In the absence of any red flags, the Court must take the IJ's recitation of the proper legal standard at his word. *Martinez*, 124 F.4th at 785 (the court will rely on the agency's statement "[w]hen nothing in the record or the [agency's] decision indicates a failure to consider all the evidence").

On this record, the Court cannot conclude that the IJ abused his discretion, even if the Court were to waive exhaustion. Therefore, Petitioner has not shown that he is being held in custody "in violation of the Constitution or laws or treaties of the United States." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c)(3).

## IV. CONCLUSION

For the reasons explained above, the Court ORDERS as follows:

1. The petition for writ of habeas corpus (Dkt. 3) is DENIED.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at the party's last known address.

Dated this 30th day of October, 2026.

Tiffany M. Cartwright
United States District Judge